UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | | |
|---|---|---|
| TIMOTHY H. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | 03:94-CV-00229-LRH (VPC) |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| ROBERT MILLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is defendants' motion (#118)[1] for a continuance or, in the alternative, to vacate the present trial date set for January 24, 2006. Having reviewed the matter and finding good cause to vacate the trial date, the court orders the trial date of January 24, 2006 be vacated.

Upon review of the file, the court notes that the multiple appeals and motions filed in this case have left the matter in an odd procedural position. While some claims have been resolved definitively on motions to dismiss or motions for summary judgment, no answer has yet been filed. In addition, discovery has not yet begun and several motions are either still pending or have motions pending which would revive them if granted.

Considering the legal landscape of the case at this time, the court concludes that an abbreviated discovery schedule is necessary to ensure all matters are properly disposed of prior to trial. Thus, this matter will be referred to the magistrate judge for the purposes of defining a proper discovery schedule. Such schedule should provide an opportunity for both parties to

---

[1] References to (#XX) refer to the court's docket.

renew any undecided dispositive motions upon the conclusion of discovery and should be limited to those issues that may be remaining for trial. Accordingly, all pending dispositive motions are denied without prejudice. The parties are granted leave to renew such motions at the close of discovery pursuant to the schedule to be defined by the magistrate judge.

IT IS HEREBY ORDERED.

DATED this 12th day of January, 2006.

_____
LARRY R. HICKS
United States District Judge